```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
JOHN J. LAWLESS,                    :
                                    :
          Petitioner,               :   Civ. No. 19-16332 (NLH)
                                    :
     v.                             :   OPINION
                                    :
JOHN POWELL, et al.,                :
                                    :
          Respondents.              :
_____ :
```

APPEARANCES:

John J. Lawless
670597/688460-B
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Petitioner Pro se

Jeffrey H. Sutherland, Cape May County Prosecutor
Gretchen Anderson Pickering, Senior Assistant Prosecutor
Cape May County Prosecutor's Office
4 Moore Road - DN - 110
Cape May Court House, NJ 08210

    Counsel for Respondent

HILLMAN, District Judge

    Respondent John Powell, Administrator of South Woods State Prison, moves to dismiss John J. Lawless' petition for writ of habeas corpus under 28 U.S.C. § 2254 as time barred.  ECF No. 6. Petitioner opposes the motion and moves for the appointment of counsel.  ECF Nos. 5 & 10.  The motion is now ripe for disposition.  For the reasons that follow, the motion to dismiss

is provisionally granted, but the Court will retain jurisdiction for 30 days to permit Petitioner to submit equitable tolling arguments.  Petitioner's motion for the appointment of counsel is denied.

I.  BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court Appellate Division in its opinion denying Petitioner's post-conviction relief ("PCR") appeal:

> In September 2009, defendant attended a gathering of motorcyclists.  While at the gathering, defendant consumed twelve beers.  He then began to drive home.  As he was driving, he blacked out, crossed the centerline of the roadway, and struck an oncoming car.  The driver of the other car died.  The driver's wife and daughter, who were passengers, were both injured.  Defendant had previously been arrested for driving while intoxicated seven times and convicted of that offense four times.  At the time of the accident, his license was suspended.
>
> In September 2010, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and driving while intoxicated, N.J.S.A. 39:4-50.  At sentencing, the trial court found no mitigating factors and four aggravating: factor two, N.J.S.A 2C:44-1(a)(2) (gravity and seriousness of harm); factor three, N.J.S.A 2C:44-1(a)(3) (risk of re-offending); factor six, N.J.S.A 2C:44-1(a)(6) (prior criminal record); and factor nine, N.J.S.A 2C:44-1(a)(9) (need for deterrence).  Defendant was then sentenced to thirty years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

State v. Lawless, No. A-4742-16T2, 2019 WL 178147, at *1 (N.J. Super. Ct. App. Div. Jan. 14) (per curiam), certif. denied, 213 A.3d 185 (N.J. 2019).

The trial court entered the judgment of conviction on November 12, 2010.  ECF No. 6-2.  Petitioner appealed to the Appellate Division on December 22, 2010, arguing that his sentence was excessive.  ECF No. 6-7.  The Appellate Division vacated the sentence and remanded to the trial court.  ECF No. 6-8; State v. Lawless, 32 A.3d 562 (N.J. Super. Ct. App. Div. 2011).  The New Jersey Supreme Court granted the State's petition for certification and affirmed the decision of the Appellate Division on July 22, 2013.  State v. Lawless, 70 A.3d 647 (N.J. 2013).

The trial court resentenced Petitioner on August 29, 2013 to twenty-four years in prison with the 85% NERA disqualifier.  ECF No. 6-12.  Petitioner appealed to the Appellate Division on October 7, 2013.  ECF No. 6-13.  He submitted an amended notice of appeal on October 21, 2013 to reflect the date the amended judgment was entered, September 10, 2013.  ECF No. 14.  The trial court amended the judgment of conviction to include a more detailed statement of reasons on October 17, 2013, ECF No. 6-16, and amended it again on December 2, 2013 to correct Petitioner's jail credits, ECF No. 6-17.  On August 21, 2015, the Appellate Division affirmed the twenty-four-year sentence.  State v.

3

Lawless, No. A-0830-13, 2015 WL 5009218 (N.J. Super. Ct. App. Div. Aug. 21, 2015); ECF No. 6-18.  The New Jersey Supreme Court denied Petitioner's request for certification on November 25, 2015.  State v. Lawless, 127 A.3d 699 (N.J. 2015); ECF No. 6-20.  He did not file a petition for writ of certiorari with the United States Supreme Court.  ECF No. 6 ¶ 22.

Petitioner filed a PCR petition in the Law Division on April 8, 2016.  ECF No. 6-21 at 3.  Petitioner raised a Fourth Amendment challenge to a warrantless blood draw and argued his trial and appellate counsel were ineffective for failing to file a motion to suppress the results and for failing to raise this claim on appeal, respectively.  ECF No. 6-21 at 8.  "Petitioner also claimed that trial counsel misinformed him about the possible range of sentence on an open plea and that appellate counsel did not effectively argue a sentencing issue."  ECF No. 6 ¶ 23.

The PCR court held oral argument on January 30, 2017 to determine whether Petitioner's PCR petition was time barred.  ECF No. 6-22.  On March 29, 2017, the PCR court held that Petitioner had filed his PCR petition after the permissible five years from the November 12, 2010 judgment of conviction and that Petitioner had not demonstrated excusable neglect for failing to raise his claims sooner.  ECF No. 6-23 at 13 (citing N.J. Ct. R. 3:22-4; N.J. Ct. R. 3:22-12(a)(1), (c)).  It further determined

4

that Petitioner's ineffective assistance of appellate counsel claim was procedurally barred under New Jersey Court Rule 3:22-2(c). ECF No. 6-24. The court also noted that the petition was meritless. Id.

Petitioner filed a motion to file a notice of appeal as within time on July 11, 2017. ECF No. 6-25. The Appellate Division affirmed the PCR court's decision that "Defendant's PCR petition was time-barred and otherwise lacked merit." State v. Lawless, No. A-4742-16, 2019 WL 178147, at *1 (N.J. Super. Ct. App. Div. Jan. 14, 2019); ECF No. 6-26 at 2. The New Jersey Supreme Court denied certification on July 11, 2019. State v. Lawless, 213 A.3d 185 (N.J. 2019); ECF No. 6-28.

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 5, 2019. ECF No. 1. He raised one claim for relief, arguing that his "fourth Amendment rights to the United States Constitution were violated by Law Enforcement when taking his blood for chemical testing without first obtaining a search warrant." ECF No. 1-3 at 51. On October 11, 2019, the Court ordered the State to respond or file a motion to dismiss based on timeliness. ECF No. 3. Petitioner filed a motion for the appointment of counsel on November 14, 2019. ECF No. 5.

The State filed its motion to dismiss on November 22, 2019. ECF No. 6. It argues the petition is untimely because it was

5

filed more than one year after Petitioner's conviction became final. Id.  Petitioner opposes the motion to dismiss.  ECF No. 10.

II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus under § 2254.  See 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[1]

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'"  Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).

III.  DISCUSSION

The State argues that the beginning of AEDPA's limitation period is February 25, 2016, ECF No. 6 ¶ 40, and Petitioner asserts the relevant date is November 25, 2015, ECF No. 10 ¶¶ 15-16.  The New Jersey Supreme Court denied certification on Petitioner's appeal of his resentencing on November 25, 2015. State v. Lawless, 127 A.3d 699 (N.J. 2015); ECF No. 6-20. Ninety days from that date, the time during which Petitioner could have filed a petition for writ of certiorari with the

---

[1] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

Supreme Court, is February 23, 2016.  See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that if prisoners do not seek Supreme Court review, "judgment becomes final . . . when the time for pursuing direct review in this Court, or in state court, expires").  Unless some form of tolling applies, Petitioner's habeas petition was due on February 22, 2017.

A.   Statutory Tolling

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  Petitioner filed his PCR petition in state court on April 8, 2016.  ECF No. 6-21 at 3.  If the petition was "properly filed," all of the time between April 8, 2016 and July 11, 2019 is tolled by § 2244(d)(2).

"In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'"  Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).  Here, the PCR court and the Appellate Division held that Petitioner's PCR petition was untimely.  Petitioner argues that "the appellate panel mistakenly found that P.C.R. Petition challenged only [Petitioner's] manslaughter conviction.  When, in fact the P.C.R. Petition also challenged

8

the sentence imposed." ECF No. 10 ¶ 21.  He also argues his PCR petition was timely because it was filed within one year of the New Jersey Supreme Court decision recognizing McNeely v. Missouri, 569 U.S. 141 (2013), which held that natural metabolization of alcohol in the bloodstream does not present a per se exigency that justifies an exception to the Fourth Amendment's search warrant requirement for nonconsensual blood testing in all drunk-driving cases.  Id. ¶¶ 24-29 (citing State v. Adkins, 113 A.3d 734 (N.J. 2015)).

"[T]ime limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'" Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (quoting Artuz v. Bennett, 531 U.S. 4, 8, 11 (2000)) (second alteration in original).  "[T]he AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was 'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.'" Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (quoting Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999)).

This Court is precluded from deciding whether the New Jersey courts properly applied state law in determining the timeliness of Petitioner's PCR petition.  See Carey v. Saffold, 536 U.S. 214, 226 (2002) ("If the California Supreme Court had

9

clearly ruled that Saffold's 4 ½ month delay was 'unreasonable,' that would be the end of the matter . . . ."); Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003) ("[W]e are bound by the state court's finding that Merritt's second PCRA petition was untimely."). Because the state courts clearly ruled that Petitioner's PCR petition was untimely, it was not properly filed within the meaning of AEDPA.

In the absence of a properly filed state postconviction petition, the time between April 8, 2016 and July 11, 2019 is not tolled by § 2244(d)(2). The one-year statute of limitations continued to run after Petitioner's conviction became final on February 23, 2016; therefore, Petitioner's one-year filing period under AEDPA expired on February 22, 2017. This § 2254, filed some two and half years after that date, is untimely under AEDPA and must be dismissed unless equitable tolling applies.

B.  Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, ... but rather how severe an obstacle it is for the

10

prisoner endeavoring to comply with AEDPA's limitations period.'"  Ross v. Varano, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

The parties have not addressed whether Petitioner may be entitled to equitable tolling.  Therefore, the Court will provisionally grant the motion to dismiss but retain jurisdiction for 30 days as it cannot rule out the possibility that Petitioner might have valid grounds for equitable tolling. Within that timeframe, Petitioner may submit a written statement setting forth detailed tolling arguments.  See Day v. McDonough, 547 U.S. 198, 210 (2006).  Upon submission of Petitioner's arguments within the 30-day timeframe, the Court will reopen the petition for consideration.  See Daley v. State of New Jersey, No. 16-23, 2016 WL 2990631, at *4 (D.N.J. May 24, 2016) (citing cases).

In the event Petitioner does not submit equitable tolling arguments in 30 days, the Court will enter a final order of dismissal.

C.   Motion for Counsel

Petitioner also requests the appointment of counsel.  ECF No. 5.  Petitioner does not have a right to counsel in habeas proceedings.  See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254.

11

However, 18 U.S.C. § 3006A(a)(2)(B) provides that the Court has discretion to appoint counsel where "the court determines that the interests of justice so require . . . ."

In Reese, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese, 946 F.2d at 263-64.

The Court concludes the appointment of counsel is not warranted at this time because it is dismissing the habeas petition as untimely. Petitioner may reapply for the appointment of counsel if he elects to submit equitable tolling arguments.

D.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." The Court reserves its decision on a certificate of appealability as it is granting Petitioner a limited amount of time to submit equitable tolling arguments.

12

III. CONCLUSION

For the foregoing reasons, the motion to dismiss is provisionally granted.  The Court retains jurisdiction for 30 days in order to give Petitioner time to submit his equitable tolling arguments.

An appropriate order will be entered.


Dated: June 29, 2020             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.