UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOHN J. LAWLESS,                    :
                                    :
        Petitioner,                 :   Civ. No. 19-16332 (NLH)
                                    :
    v.                              :   OPINION
                                    :
JOHN POWELL, et al.,                :
                                    :
        Respondents.                :
_____ :

APPEARANCES:

John J. Lawless
670597/688460-B
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

        Petitioner Pro se

Jeffrey H. Sutherland, Cape May County Prosecutor
Gretchen Anderson Pickering, Senior Assistant Prosecutor
Cape May County Prosecutor's Office
4 Moore Road - DN - 110
Cape May Court House, NJ 08210

        Counsel for Respondent

HILLMAN, District Judge

        On June 29, 2020, this Court dismissed John J. Lawless' petition for writ of habeas corpus under 28 U.S.C. § 2254 as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  ECF No. 13.  The order granted Petitioner a period of 30 days to submit arguments regarding equitable tolling to the Court.  Id.  Petitioner timely

submitted his arguments as well as a motion for the appointment of counsel. ECF No. 14. Respondent John Powell, Administrator of South Woods State Prison, opposes both requests. ECF No. 15.

For the reasons that follow, the motion for equitable tolling and the appointment of counsel will be denied. The petition will be dismissed with prejudice, and no certificate of appealability will issue.

I. BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court Appellate Division in its opinion denying Petitioner post-conviction relief ("PCR"):

> In September 2009, defendant attended a gathering of motorcyclists. While at the gathering, defendant consumed twelve beers. He then began to drive home. As he was driving, he blacked out, crossed the centerline of the roadway, and struck an oncoming car. The driver of the other car died. The driver's wife and daughter, who were passengers, were both injured. Defendant had previously been arrested for driving while intoxicated seven times and convicted of that offense four times. At the time of the accident, his license was suspended.
>
> In September 2010, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and driving while intoxicated, N.J.S.A. 39:4-50. At sentencing, the trial court found no mitigating factors and four aggravating: factor two, N.J.S.A 2C:44-1(a)(2) (gravity and seriousness of harm); factor three, N.J.S.A 2C:44-1(a)(3) (risk of re-offending); factor six, N.J.S.A 2C:44-1(a)(6) (prior criminal record); and

2

      factor nine, N.J.S.A 2C:44-1(a)(9) (need for deterrence). Defendant was then sentenced to thirty years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

State v. Lawless, No. A-4742-16, 2019 WL 178147, at *1 (N.J. Super. Ct. App. Div. Jan. 14) (per curiam), certif. denied, 213 A.3d 185 (N.J. 2019).

    Petitioner appealed to the Appellate Division on December 22, 2010, arguing that his sentence was excessive. ECF No. 6-7. The Appellate Division vacated the sentence and remanded to the trial court. ECF No. 6-8; State v. Lawless, 32 A.3d 562 (N.J. Super. Ct. App. Div. 2011). The New Jersey Supreme Court affirmed this decision on July 22, 2013. State v. Lawless, 70 A.3d 647 (N.J. 2013). The trial court resentenced Petitioner on August 29, 2013 to twenty-four years in prison with the 85% NERA disqualifier. ECF No. 6-12. Petitioner appealed to the Appellate Division on October 7, 2013. ECF No. 6-13. He submitted an amended notice of appeal on October 21, 2013 to reflect the date the amended judgment was entered, September 10, 2013. ECF No. 14.

    On August 21, 2015, the Appellate Division affirmed the twenty-four-year sentence. State v. Lawless, No. A-0830-13, 2015 WL 5009218 (N.J. Super. Ct. App. Div. Aug. 21, 2015); ECF No. 6-18. The New Jersey Supreme Court denied Petitioner's request for certification on November 25, 2015. State v.

3

Lawless, 127 A.3d 699 (N.J. 2015); ECF No. 6-20.  He did not file a petition for writ of certiorari with the United States Supreme Court which was due no later than February 23, 2016, or 90 days after the decision of the highest state court on direct appeal.  ECF No. 6 ¶ 22.

Petitioner filed his PCR petition in the Law Division on April 8, 2016.  ECF No. 6-21 at 3.  On March 29, 2017, the PCR court held that Petitioner had filed his PCR petition after the permissible five years from the November 12, 2010 judgment of conviction and that he had not demonstrated excusable neglect.  ECF No. 6-23 at 13 (citing N.J. Ct. R. 3:22-4; N.J. Ct. R. 3:22-12(a)(1), (c)).  Petitioner filed a motion to file a notice of appeal as within time on July 11, 2017.  ECF No. 6-25.  The Appellate Division affirmed the PCR court's decision that "Defendant's PCR petition was time-barred and otherwise lacked merit."  State v. Lawless, No. A-4742-16, 2019 WL 178147, at *1 (N.J. Super. Ct. App. Div. Jan. 14, 2019); ECF No. 6-26 at 2.  The New Jersey Supreme Court denied certification on July 11, 2019.  State v. Lawless, 213 A.3d 185 (N.J. 2019); ECF No. 6-28.

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 5, 2019.  ECF No. 1.  The State filed a motion to dismiss arguing the petition was untimely because it was filed more than one year after Petitioner's conviction became final.  ECF No. 6.  This Court

4

agreed, noting that it was bound by the state courts' determination that the PCR petition was not timely filed. ECF No. 12 at 9-10. "Because the state courts clearly ruled that Petitioner's PCR petition was untimely, it was not properly filed within the meaning of AEDPA." Id. at 10; see also 28 U.S.C. § 2244(d)(2).

The Court provisionally granted the motion to dismiss but gave the parties additional time to submit arguments on the application of equitable tolling. Petitioner argues he should receive the benefit of equitable tolling because he relied on the advice of counsel and prison paralegals in "that it was impermissible [to file the] first PCR until completion of resentencing, because a party is not allowed to be in two different court with same matter at same time . . . ." ECF No. 14 at 2. He requests the appointment of counsel in order to amend his petition. Id.

II. DISCUSSION

The Court has already determined that Petitioner did not file his § 2254 petition within the AEDPA's one-year statute of limitations. The only question remaining is whether the Court should equitably toll the statute of limitations under the circumstances.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

5

pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, ... but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" Ross v. Varano, 712 F.3d 784, 802-03 (3d Cir. 2013) (emphasis omitted) (quoting Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011)).

Petitioner argues the Court should apply equitable tolling because he is a high school dropout who relied on the advice of counsel and prison paralegals.  ECF No. 14 at 1-2.  Petitioner asserts he was informed that he could not file his PCR petition until his resentencing was complete.  Id. at 2 (citing N.J. Ct. R. 3:22-6A(2)).  He states he should be assigned counsel and permitted to amend his petition because he received ineffective assistance of counsel, excusing any procedural default.  Id. at 3-4.

Petitioner has not shown that extraordinary circumstances prevented him from filing a timely habeas petition.  The relevant period is between February 23, 2016, when his

6

conviction became final for purposes of AEDPA,[1] and February 22, 2017 when the AEDPA period expired. Petitioner does not address this time and only argues that he was told that he could not file his PCR proceedings until he completed his appeal of his resentencing.

Petitioner appears to be arguing that he could not file his habeas petition until he completed the PCR proceedings. Generally, a federal habeas petition is not filed until state post-conviction proceedings are complete due to the need to exhaust state court remedies, but the "procedural conundrum" of being required to exhaust state court remedies before filing a § 2254 petition does not warrant equitable tolling. See Darden v. Sobina, 477 F. App'x 912, 918 (3d Cir. 2012). For timeliness purposes, what matters is when the AEDPA period began and whether there was a properly filed post-conviction petition pending in state court to pause the AEDPA period. A "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline,

---

[1] Petitioner discusses at length his belief that the statute of limitations should have started after his appeals of the resentencing were complete. ECF No. 14 at 4-6. For AEDPA purposes he is correct, and the Court's determination that his conviction was not final until February 23, 2016 accounts for this requirement. It is not for this Court to decide when the five-year period for filing a PCR began because the state courts have already made that determination as a matter of state law.

does not warrant equitable tolling." Holland v. Fla., 560 U.S. 631, 651-52 (2010) (internal quotation marks omitted).

The Supreme Court recognized that "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never properly filed, and thus that his federal habeas petition is time barred." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (internal quotation marks omitted). However, it declined to apply equitable tolling in these situations, stating that "[a] prisoner seeking state postconviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Id. (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id.

Petitioner has not shown extraordinary circumstances prevented him from filing a timely § 2254 petition. Because he has not shown why he could not have filed a protective petition while exhausting his state court remedies, the Court will not equitably toll the statute of limitations. The petition will be dismissed with prejudice. The motion for counsel will likewise be denied.

8

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

III. CONCLUSION

For the foregoing reasons, the motion for equitable tolling will be denied.  The petition will be dismissed with prejudice as untimely.  No certificate of appealability will issue.

An appropriate order will be entered.


Dated: January 13, 2021          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.